UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BONNIE HARGIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV00027JCH |
| | ) |
| U.S. BANCORP and JLB CORPORATION | ) |
| d/b/a GOLDEN OAK LENDING, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on JLB Corporation's Motion to Dismiss Plaintiff's Complaint ("JLB Motion") (Doc. No. 6), Defendant US Bancorp's Motion to Dismiss Plaintiff's First Amended Class Action Complaint ("U.S. Bank Motion") (Doc. No. 8), and Plaintiff's Motion for Leave to Amend ("Motion to Amend") (Doc. No. 16). These matters are fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff hired JLB Corporation ("JLB") to assist in refinancing her loan. (First Amended Class Action Complaint ("FAC"), Doc. No. 2, ¶¶ 7, 14, 15). Plaintiff alleges that US Bancorp ("U.S. Bank") performed underwriting services for Plaintiff's loan, but this was not disclosed to Plaintiff. (FAC, ¶ 11). JLB charged Plaintiff several fees for real estate settlement services or closing costs, including a "loan origination fee" of $1,890.50, a "processing fee" of $899.00, an "underwriting fee" of $550.00, a "broker fee" of $900.00, and an "administration fee" of $208.00. (FAC, ¶¶ 15, 16). These closing costs were incorporated into Plaintiff's loan amount for a total amount financed of

$192,358.00. (FAC, ¶ 17). On January 21, 2009, U.S. Bank bought Plaintiff's loan from JLB. (FAC, ¶ 21). U.S. Bank paid JLB all of the closing costs, except the "underwriting fee." (FAC, ¶ 21).

Plaintiff's First Amended Complaint[1] alleges four counts: Count I against JLB, U.S. Bank and "Defendant Class"[2] under the Real Estate Settlement and Procedures Act ("RESPA"); Count II against U.S. Bank under RESPA; Count III against U.S. Bank under the Truth in Lending Act ("TILA"); and Count IV against JLB under TILA. In Count I, Plaintiff alleges that JLB, U.S. Bank and the "Defendant Class" violated the prohibition on kickbacks and unearned fees under RESPA. (FAC, ¶¶ 46-47). In Count II, Plaintiff alleges that U.S. Bank violated RESPA because it performed underwriting services and received payment for those services. According to Plaintiff, U.S. Bank had an arrangement with a mortgage broker, correspondent lender or table-funding lender whereby if U.S. Bank performed the underwriting services and approved the loan, then U.S. Bank would fund or buy the loan, but that U.S. Bank did not inform the consumer of this business arrangement with its mortgage broker, correspondent lender or table-funding lender. (FAC, ¶¶ 22, 49, 58). In Count III, Plaintiff alleges that U.S. Bank violated the disclosure provision of TILA, 15 U.S.C. § 1638, because it performed underwriting services, because it charged a fee for underwriting services that was paid upfront or throughout the course of the loan and because the HUD-1 Settlement Statement did not list U.S. Bank as either the lender or the provider of the underwriting services. (FAC, ¶¶ 22, 69).

---

[1]Plaintiff brings this case as a purported class action.

[2]Defendant Class is defined as "all persons who, in connection with a home loan, financing or refinancing real property, were charged by Defendant JLB a loan origination fee, a processing fee, a broker fee, an administration fee, or similar fee for legal services provided in relation to closing a federally related mortgage, including a yield spread premium. This Class is limited to those Plaintiffs who paid at least a portion of the aforementioned fees for closing services either by building the fees into the principal of their loan, or by paying an increased rate (i.e., a yield spread premium) throughout the course of the loan." (FAC, ¶ 25).

In Count IV, Plaintiff alleges that JLB violated the disclosure provision of TILA, 15 U.S.C. § 1638, because underwriting services were performed by someone other than JLB, the customer paid a fee for underwriting services upfront or throughout the course of the loan and the HUD-1 settlement statement listed JLB as the lender and provider of underwriting services. (FAC, ¶¶ 22, 70, 80).

On May 14, 2010, Plaintiff filed a Motion for Leave to Amend her First Amended Complaint and file a Second Amended Complaint ("SAC"). (Doc. No. 16). In the Second Amended Complaint (Doc. No. 16-1), Plaintiff purports to make several changes. In the TILA claims against U.S. Bank and JLB, Plaintiff alleges that Defendants violated Regulation Z, 12 C.F.R. 226.18(c)(1)(iii). Plaintiff added the following factual allegations to support her claim that Defendants violated Regulation Z, "Instead, the settlement statement read that an underwriting fee of $550.00 was paid to JLB" (SAC, ¶ 9) and "Plaintiff's settlement documents, including her HUD-1 settlement statement, were assigned to U.S. Bank when it purchased her loan" (SAC, ¶ 18). Plaintiff also dropped allegations regarding the unauthorized practice of law in an attempt to prevent dismissal on the basis of res judicata. (Motion to Amend, p. 3). Finally, Plaintiff also dismissed Count II, which was a RESPA claim against U.S. Bank. (Motion to Amend, p. 4).[3]

Defendants filed Motions to Dismiss Plaintiff's First Amended Complaint and they oppose Plaintiff's Motion to Amend and file a Second Amended Complaint. Defendants argue that this Court should deny Plaintiff's Motion to Amend because the proposed Second Amended Complaint corrects

---

[3]In addition to the substantive changes discussed, Plaintiff also made several minor changes to the First Amended Complaint. The Second Amended Complaint named U.S. Bank National Association as a defendant, instead of U.S. Bancorp. (Motion to Amend, p. 3). Plaintiff also a) dropped paragraph four in the First Amended Class Action Complaint; b) added a reference to a federal regulation to paragraph 40(a); c) added the phrase "apart from a loan product" to paragraph eighteen; d) dropped the exclusion relating to Missouri real property from the class definition in her RESPA claim; and e) renumbered the paragraphs. (Motion to Amend, p. 4).

none of the defects outlined in their Motions to Dismiss. That is, even if this Court granted Plaintiff's Motion to Amend, Defendants claim that the Second Amended Complaint would fail for the same bases outlined in Defendants' Motions to Dismiss.

**STANDARD FOR MOTION TO DISMISS**

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)); Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted) (The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." C.N. v. Willmar Pub. Sch., 591 F.3d 624, 630 (8th Cir. 2010)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

A district court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a). Denial of leave to amend may be justified, however, when the amendment is futile. United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 557-58 (8th Cir. 2006) (citing United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 936 (8th Cir. 2001)). A district

court may deny a motion for leave to amend on the basis of futility if it "'has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) (quoting Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008)). The Court must determine whether the proposed amended complaint states a cause of action under the Twombly pleading standard. Zutz, 601 F.3d at 850-51.

## DISCUSSION

**I.  JLB**

Plaintiff previously sued JLB in the Circuit Court of St. Louis County, Missouri, Cause No. 09SL-CC00676 ("St. Louis County litigation"), filed on February 13, 2009. (Doc. No. 6-1).[4] Plaintiff alleged claims for violation of §§484.010, *et seq.*, for the illegal practice of law (Count I), violation of the Missouri Merchandising Practices Act ("MMPA") § 407.010, *et seq.* (Count II), and unjust enrichment (Count III). (See Doc. No. 6-1). Plaintiff alleged that JLB illegally charged a "Processing Fee" and an "Administrative Fee" for the preparation of legal documents and, consequently, engaged in the unauthorized practice of law. (JLB Motion, ¶4). On March 8, 2010, Judge Cohen entered summary judgment in favor of JLB. (JLB Motion, ¶ 5; Doc. No. 6-2).

JLB argues that the claims in this lawsuit are barred by res judicata. The claims alleged by Plaintiff in the St. Louis County litigation relate to the same loan refinancing transaction at issue in the present litigation. See Response to JLB Corporation's Motion to Dismiss ("JLB Response"), Doc. No. 17, p. 8 ("Plaintiff's federal and state actions arise out of the same transaction").

---

[4]As with the present action, Plaintiff's St. Louis County litigation was purportedly a class action. (Doc. No. 6-1).

Plaintiff asserts that her claims are not barred by res judicata because her claims were not fully and fairly adjudicated in state court.[5] (JLB Response, p. 3). Plaintiff claims that she did not have an opportunity to adjudicate her RESPA and TILA claims in state court and that adjudication of her federal claims is not "essential" to the judgment on her state law claims. (JLB Response, p. 4). Plaintiff urges that her RESPA claim depends upon whether JLB and U.S. Bank charged duplicate fees in violation of RESPA, 24 C.F.R. §3500.14(c). (JLB Response, p. 5). Plaintiff claims that her TILA claim depends upon whether JLB and U.S. Bank failed to disclose the payment of underwriting fees in violation of Regulation Z, 12 C.F.R. §226.18(c)(1)(iii). (JLB Response, p. 8).[6] Plaintiff claims that these issues are immaterial to her state court case and, consequently, her federal claims are not barred by res judicata.

Res judicata, also known as claim preclusion, is an affirmative defense. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) (citation omitted). Missouri courts apply res judicata to bar a claimant from splitting a single cause of action. The doctrine of res judicata takes on the character of the rule against splitting a cause of action when the action could have been brought in the first proceeding:

---

[5]Plaintiff also claims that JLB's Motion to Dismiss fails because JLB failed to provide any admissible evidence in support of its motion. (JLB Response, p. 3). Plaintiff's argument, however, is moot because JLB provided an authenticated copy of Judge Cohen's summary judgment order with his reply memorandum. (Doc. No. 24-1). The Court may consider the state court filings as part of a motion to dismiss. See In re Express Scripts, Inc., MDL No. 1672, 2007 U.S. Dist. LEXIS 44722, at *37 (E.D. Mo. June 20, 2007) (citing Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) ("A court may also consider materials that are part of the public record, such as court filings, or materials that do not contradict the complaint.").

[6]Plaintiff's arguments in opposition to JLB's Motion to Dismiss relate to allegations in her Second Amended Complaint.

> Res judicata and splitting a cause of action are closely related because both are designed to prevent a multiplicity of lawsuits.
>
> A cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the merits in the first suit is a bar to a second suit. In general, the test for determining whether a cause of action is single and cannot be split is: 1) whether separate actions brought arise out of the same act, contract or transaction; 2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. The word "transaction" has a broad meaning. It has been defined as the aggregate of all the circumstances which constitute the foundation for a claim. It also includes all of the facts and circumstances out of which an injury arose.

King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495, 501 (Mo. 1992)(quoting Burke v. Doerflinger, 663 S.W.2d 405, 407 (Mo. Ct. App. 1983)). "Where, as here, a defendant in federal court invokes res judicata based on a prior state-court judgment, that defense is governed by the Full Faith and Credit Act, which provides that the 'judicial proceedings' of any State 'shall have the same full faith and credit in every court within the United States … as they have by law or usage in the courts of such State … from which they are taken.'" Lawrence v. Household Bank (SB), N.A., 505 F. Supp. 2d 1279, 1282 (M.D. Ala. 2007) (citing 28 U.S.C. § 1738).

Plaintiff's RESPA and TILA claims arise from the same transaction or series of connected transactions out of which the state court litigation arose. Plaintiff notes that her state court litigation involved the "same transaction" (JLB Response, p. 8) and that it "concerned illegal charges related to refinancing my home with JLB" (Doc. No. 17-1, ¶ 2). In both litigations, Plaintiff asks the Court to find that JLB charged illegal fees in connection with her home refinancing. Plaintiff raises merely a variant theory, emphasizing different facts and, thus, it is barred by res judicata. The final judgment of the state court bars the present action because the state and federal actions arise out of a common nucleus of operative facts and pertain to a common subject matter. Plaintiff cannot successfully

prosecute her TILA and RESPA claims against JLB without contradicting the state court's determination that the fees charged by JLB for Plaintiff's loan were not illegal. The Court finds that Plaintiff should have brought her TILA and RESPA claims, if at all, at the same time that she brought her state law claims. See R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 184 (1st Cir. 2006) (citing 15 U.S.C. § 1640(e)) (State courts possess concurrent jurisdiction over claims under TILA). The Court grants JLB's Motion and Plaintiff's claims against JLB are dismissed.

Further, the Court finds that allowing amendment of Plaintiff's Complaint would be futile. Plaintiff's Second Amended Complaint alleges causes of action relating to the same transaction. Although Plaintiff has selectively excluded references to practicing law without a license, the Court finds that the proposed amendment fails to cure the deficiencies in the First Amended Complaint. Plaintiff also argues the allegations of the Second Amended Complaint in her Memorandum in Opposition to JLB's Motion to Dismiss, and the Court rejects those arguments. Plaintiff's Motion for Leave to Amend is denied.

**II.    U.S. Bank**

    A.    RESPA

        1.    Background of RESPA

RESPA and its accompanying regulations "apply to all federally related mortgage loans." 24 C.F.R. § 3500.5(a).[7] Section 8 of RESPA, 12 U.S.C. § 2607, prohibits all kickback and referral fee arrangements whereby any payment is made or "thing of value" is furnished for the referral of real estate settlement services. 24 C.F.R. § 3500.14. RESPA also prohibits a person that renders a settlement service from splitting with or rebating to any other person any portion of the charges

---

[7]"The Department of Housing and Urban Development (HUD), which administers RESPA, has promulgated regulations for doing so, including 24 C.F.R. § 3500.1 *et seq.*, commonly known as Regulation X." Moreno v. Summit Mortg. Corp., 364 F.3d 574, 576 (5th Cir. 2004).

associated with real estate settlement services except in return for services actually performed. 12 U.S.C. § 2607(a), 12 U.S.C. § 2607(b). RESPA explicitly permits "the payment to any person of a bona fide salary or compensation or other payment for . . . services actually performed." 12 U.S.C. § 2607(c)(2). RESPA, however, does not apply to a bona fide transfer of a loan obligation in the secondary market. See 24 C.F.R. §3500.5(b)(7).[8] To determine if a transfer is "bona fide," HUD considers the "real source of the funding and the real interest of the funding lender." Id.; Moreno, 364 F.3d at 576.

### 2. Bona Fide Transaction in the Secondary Market

In Plaintiff's proposed Second Amended Complaint, Plaintiff asserts a RESPA claim under the theory that U.S. Bank violated the prohibition on paying kickbacks and unearned fees, under RESPA, 12 U.S.C. § 2607, when it paid JLB for fees that were "duplicative; charged without providing goods, services or facilities; and/or charged for broker services despite JLB not being a broker." (Memorandum in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Amend Response"), Doc. No. 26, p. 3 (citing SAC, ¶¶ 40-41)).[9] Plaintiff alleges that JLB assigned her settlement documents to U.S. Bank when U.S. Bank purchased her loan. (SAC, ¶¶ 11, 18).

---

[8] 24 CFR §3500.5 provides, "A bona fide transfer of a loan obligation in the secondary market is not covered by RESPA and this part, except as set forth in section 6 of RESPA (12 U.S.C. 2605) and § 3500.21. In determining what constitutes a bona fide transfer, HUD will consider the real source of funding and the real interest of the funding lender. Mortgage broker transactions that are table-funded are not secondary market transactions. Neither the creation of a dealer loan or dealer consumer credit contract, nor the first assignment of such loan or contract to a lender, is a secondary market transaction (see § 3500.2.)."

[9] Plaintiff dismissed Count II from her First Amended Complaint, which alleged a RESPA claim against U.S. Bank. (Motion to Amend, p. 4). Plaintiff's Second Amended Complaint, however, retains a RESPA action against U.S. Bank as part of Count I.

U.S. Bank claims that Plaintiff's RESPA claim fails because it is a "assignee" and not a "lender" and, therefore, cannot be liable for claims under RESPA. (Amend Response, pp. 9-10). Under the RESPA regulations, a "lender" is defined as:

> Lender means, generally, the secured creditor or creditors named in the debt obligation and document creating the lien. For loans originated by a mortgage broker that closes a federally related mortgage loan in its own name in a table funding transaction, the lender is the person to whom the obligation is initially assigned at or after settlement.

24 CFR 3500.2.

Plaintiff's sole allegation against U.S. Bank is that it violated the prohibition against paying kickbacks and unearned fees under RESPA, 12 U.S.C. §2607. (SAC, ¶ 41). The allegations before the Court are that U.S. Bank was assigned the loan documentation pursuant to a bona fide transfer of a loan obligation in the secondary market. Plaintiff has not alleged that JLB and/or U.S. Bank table funded this transaction, which is not a secondary market transaction.[10] Accordingly, Plaintiff has failed to allege that this transaction and its claims against U.S. Bank fall within the purview of RESPA. Because Plaintiff has alleged that JLB assigned Plaintiff's refinanced loan to U.S. Bank, the Court finds that Plaintiff cannot state a RESPA claim. See Chandler v. Norwest Bank Minn., N.A., 137 F.3d 1053, 1056 (8th Cir. 1998) (granting summary judgment where plaintiffs failed to present any evidence that their loan was table funded); Moreno, 364 F.3d at 576-77.

### 3. Not a "Dealer" Loan

Plaintiff asserts, for the first time, in her Reply in Support of her Motion for Leave to Amend ("Amend Reply"), that her loan is a "dealer loan," as defined in 24 C.F.R. §3500.2. (Amend Reply,

---

[10] A "table-funded" transaction is a closing "at which a loan is funded by a contemporaneous advance of loan funds and an assignment of the loan to the person advancing the funds" and is covered by RESPA. 24 C.F.R. § 3500.2(b).

- 10 -

Doc. No. 31, p. 8).[11] Regulation X defines "dealer" as (a) "in the case of property improvement loans, a seller, contractor, or supplier of goods or services," and (b) "[i]n the case of manufactured home loans, 'dealer' means one who engages in the business of manufactured home retail sales." 24 C.F.R. §3500.2.[12]

Plaintiff claims that JLB assisted Plaintiff in obtaining her loan from the funding lender, U.S. Bank. (Amend Reply, p. 8). Plaintiff asserts that this was a dealer loan because JLB locked Plaintiff's loan with U.S. Bank prior to Plaintiff closing her loan with JLB. (Id.) JLB subsequently transferred its legal interests in the loan to U.S. Bank and JLB received the proceeds from the loan. (Id.)

Plaintiff's claims regarding U.S. Bank, however, do not fit within the definition of "dealer" under the RESPA regulations. Plaintiff has not alleged that U.S. Bank is the "seller, contractor, or supplier" of goods and services for property improvement or that U.S. Bank engages in the business of manufactured home sales. As previously discussed, Plaintiff alleged that U.S. Bank was an assignee of the loan. (SAC, ¶¶11-12, 18). Plaintiff's belated description of U.S. Bank as a "dealer"

---

[11]"Dealer loan or dealer consumer credit contract means, generally, any arrangement in which a dealer assists the borrower in obtaining a federally related mortgage loan from the funding lender and then assigns the dealer's legal interests to the funding lender and receives the net proceeds of the loan. The funding lender is the lender for the purposes of the disclosure requirements of this part. If a dealer is a "creditor" as defined under the definition of 'federally related mortgage loan' in this part, the dealer is the lender for purposes of this part." 24 C.F.R. §3500.2.

[12]"Property improvement loan means a loan made to finance actions or items that substantially protect or improve the basic livability or utility of a property..." 24 C.F.R. §201.2. "Manufactured home" is defined as "a structure, transportable in one or more sections, which in the traveling mode is 8 body feet or more in width or 40 body feet or more in length or which when erected on-site is 320 or more square feet, and which is built on permanent chassis and designed to be used as a dwelling with or without a permanent foundation when connected to the required utilities, and includes the plumbing, heating, air-conditioning, and electrical systems contained in the structure..." 24 C.F.R. §3280.2.

is a futile attempt to save the RESPA Complaint from dismissal, which Plaintiff cannot do. For this additional reason, the Court grants U.S. Bank's Motion to Dismiss Plaintiff's RESPA claim.

          4.        Failed to Allege Kickback

As an additional basis, Plaintiff's RESPA claim fails because she has failed to allege that U.S. Bank received a kickback or an unearned fee. 12 U.S.C. §2607(b), or "Section 8(b), entitled 'Prohibition against kickbacks and unearned fees,' requires that one party must give and another party must receive an unearned portion, split, or percentage of a settlement service fee." Haug v. Bank of America, 317 F.3d 832, 835 (8th Cir. 2003).[13] "Section 8(b) is an antikickback provision that unambiguously requires at least two parties to share a settlement fee in order to violate the statute." Haug, 317 F.3d at 836. "Section 8(b) prohibits only transactions in which the defendant shares a 'portion, split, or percentage of any charge' with a third party." Id. (citing Durr v. Intercounty Title Co., 14 F.3d 1183, 1187 (7th Cir. 1994)).

U.S. Bank argues that Plaintiff failed to state a RESPA claim because she did not allege a third party kickback or fee split with respect to the overcharges. (SAC, ¶ 41). Section 8(b) requires that Plaintiff plead facts showing that U.S. Bank illegally shared fees with a third party. Haug, 317 F.3d at 836 (citing Boulware v. Crossland Mortgage Corp., 291 F.3d 261, 265 (4th Cir. 2002); Echevarria v. Chicago Title & Trust Co., 256 F.3d 623 (7th Cir. 2001)).

In this case, Plaintiff only alleges that U.S. Bank paid JLB fees, which were part of the assigned loan amount. (SAC, ¶¶ 15, 18). Plaintiff does not allege that U.S. Bank shared in any fee

---

[13]Section 8(b) of RESPA provides:

No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607(b).

or charge. U.S. Bank's payment, standing alone, does not violate Section 8(b) of RESPA. Plaintiff fails to state a claim for a violation of RESPA and Count I against U.S. Bank is dismissed.[14]

B.  TILA

1.  TILA Background

"The TILA compels creditor-disclosure of certain information in a 'consumer credit transaction.'" Kinzel v. Southview Chevrolet Co., 892 F.Supp. 1211, 1215 (D. Minn. 1995)(citing 15 U.S.C. § 1638; 12 C.F.R. § 226.18); Grady v. World Tae Kwon Do Acad., No. 4:06CV58, 2006 U.S. Dist. LEXIS 25909, at *6 (E.D. Mo. Apr. 24, 2006). TILA affords a private right of action against, "any creditor who fails to comply with any requirement imposed under this part…." 15 U.S.C. § 1640(a). Likewise, TILA provides that "any civil action for a violation of this title [15 USCS §§ 1601, *et seq.*] or proceeding under section 108 [15 USCS § 1607] which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement[.]" 15 U.S.C. § 1641(a); Walker v. Wallace Auto Sales, 155 F.3d 927, 934 (7th Cir. 1998) ("Section 131 of TILA, 15 U.S.C. § 1641, limits the liability of subsequent assignees to those situations in which the violation of TILA is "apparent on the face of the disclosure statement."). "[A] violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other

---

[14]In the First Amended Complaint, Plaintiff alleged that U.S. Bank violated the prohibition on paying kickbacks and unearned fees under RESPA, 12 U.S.C. §2607, because U.S. Bank paid JLB certain fees. (FAC, ¶¶ 46-47). Plaintiff, however, has not alleged that the parties exchanged anything of value for the referral. Plaintiff simply alleged that U.S. Bank purchased the loan from JLB. Plaintiff has not alleged any facts to support a claim that JLB received a kickback as part of this transaction. For this reason, Plaintiff's First Amended Complaint also would have been dismissed.

- 13 -

documents assigned, or (2) a disclosure which does not use the terms required to be used by this title [15 USCS §§ 1601 et seq.]." 15 U.S.C. § 1641(a).

2. TILA Disclosure

Plaintiff asserts that TILA creates liability for assignees. (Response to U.S. Bank N.A.'s Motion to Dismiss ("Dismiss Response"), Doc. No. 18, p. 2 (citing 15 U.S.C. §1641(a)). In Plaintiff's First Amended Complaint, she alleges that JLB failed to disclose its "business relationship" with U.S. Bank. In her Second Amended Complaint, Plaintiff claims that Defendants violated Regulation Z, 12 C.F.R. §226.18(c)(1)(iii), by failing to disclose on Plaintiff's HUD-1 settlement statement that U.S. Bank was paid underwriting fees. (SAC, ¶ 52). Plaintiff claims that "Defendants' failure to disclose the payment of underwriting fees is apparent on Plaintiff's settlement statement and other supporting documents." (Dismiss Response, p. 2)(citing various documents including the HUD-1 Settlement Statement (Doc. No. 16-2) and the U.S. Bank Underwriting Findings (Doc. No. 16-3)).

Plaintiff, however, has not alleged that JLB's failure to disclose that it was paid underwriting fees by U.S. Bank was "apparent on the face of the disclosure statement." See Amend Response, p. 5. Plaintiff's failure to allege that it was apparent on the face of Plaintiff's disclosure statement that U.S. Bank was paid underwriting fees is fatal to Plaintiff's TILA claim. Grady, 2006 U.S. Dist. LEXIS 25909, at *8, n. 4 (Bank could not be held liable as an assignee of the creditor, because Plaintiff failed to allege the TILA violations were "apparent on the face of the disclosure statement."); Walker, 155 F.3d at 936 (dismissing TILA claim because plaintiffs did not allege that the violation was "apparent on the face" of the assigned documents).

U.S. Bank also argues that even if Plaintiff had alleged that the violation was "apparent on the face" of the assigned documents, "any failure to disclose that U.S. Bank was allegedly paid an

underwriting fee is far from 'apparent on the face of [Plaintiff's] disclosure statement.'" (Amend Response, p. 6). Plaintiff has provided her HUD-1 Settlement Statement (Doc. No. 16-2). The HUD-1 lists a $550.00 underwriting fee paid to JLB, not U.S. Bank. (Doc. No. 16-2, p. 2). Based upon this pleading deficiency, the Court dismisses Plaintiff's TILA claim against U.S. Bank, without prejudice. The Court, however, affords Plaintiff leave to amend her Complaint within 15 days of the date of this Order.

### 3. Statute of Limitations

U.S. Bank also claims that Plaintiff's Amended TILA claim is barred by the one-year statute of limitations. (Amend Response, p. 8). Under TILA, a plaintiff must bring a claim "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff alleges that "on or about January 7, 2009, [she] entered into an agreement with Defendant JLB to refinance her home." (SAC, ¶ 11). Plaintiff filed her Motion for Leave to File a Second Amended Complaint on May 14, 2010, which was more than a year after closing. (Doc. No. 16). U.S. Bank argues that the TILA claim in the Second Amended Complaint is untimely because it does not relate back to the filing of the original complaint. U.S. Bank argues that the allegations in the First and Second Amended Complaints are "entirely different." (Amend Response, p. 9). One claim involved an alleged business relationship between JLB and U.S. Bank and the other alleged a TILA violation based upon the alleged nondisclosure of payment for underwriting services. (Amend Response, p. 9).[15]

The Court recognizes that relation back is improper when a complaint states a new and distinct TILA claim based on new factual allegations. The Court, however, finds that relation back, pursuant to Fed.R.Civ.P. 15(c)(2) is proper.

---

[15]U.S. Bank notes that Plaintiff's claims are based on two different statutory sources. Plaintiff's initial claim was based upon 15 U.S.C. §1638, and Plaintiff's claim in her Second Amended Complaint is based upon 12 C.F.R. §226.18(c)(1)(iii). (Amend Response, p. 9, n. 4).

Rule 15 of the Federal Rules requires the Court to "freely give leave [to amend] when justice so requires." "An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The amended complaint arose out of the same conduct set forth in the original complaint. Both complaints arise out of U.S. Bank's loan to Plaintiff and the documentation regarding the same.The amended complaint, therefore, relates back to the date the original complaint was filed, January 7, 2010. In addition, U.S. Bank received actual notice of a TILA claim within the statute of limitations at the time of the filing of the original complaint. See also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 150 n.3, 80 L. Ed. 2d 196, 104 S. Ct. 1723 (1984) ("the rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide"); Roberts v. Michaels, 219 F.3d 775, 779 (8th Cir. 2000). U.S. Bank has not asserted that it has been prejudiced in any way by the amendment of Plaintiff's TILA action. The Court finds that Plaintiff's complaint is not barred by the statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that JLB Corporation's Motion to Dismiss Plaintiff's Complaint (Doc. No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant US Bancorp's Motion to Dismiss Plaintiff's First Amended Class Action Complaint (Doc. No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. No. 16) is **DENIED**, in part, and **GRANTED**, in part. Plaintiff is granted fifteen (15) days from the date of this Order to amend her TILA allegations against U.S. Bank.

Dated this 23rd day of July, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE