UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BONNIE HARGIS, )
)
      Plaintiff, )
)
vs. ) Case No. 4:10CV00027JCH
)
U.S. BANCORP and JLB CORPORATION )
d/b/a GOLDEN OAK LENDING, )
)
      Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Correct or Amend the July 23, 2010 Memorandum and Order ("July 23 Order" or "Order"), pursuant to Rule 60(b), Fed.R.Civ.P., or, alternatively, for certification of the Order as a final judgment for immediate appeal under Rule 54(b), Fed.R.Civ.P. (Doc. No. 56). These matters are fully briefed and ready for disposition.

    **A.**    **Rule 60(b)**

In her Motion, Plaintiff first argues that the Court erred by dismissing her claims against U.S. Bancorp ("U.S. Bank") under the Real Estate Settlement and Procedures Act ("RESPA") because U.S. Bank and JLB Corporation ("JLB") (collectively, "Defendants") "split the fee for the origination service [of Plaintiff's loan] into four parts and assigned [four different] labels" in violation of § 8(b) of RESPA. (Motion, Doc. 56, pp. 2-3). Upon careful review of the record, the Court finds that Plaintiff did not raise this specific argument in her brief in opposition to Defendants' Motions to Dismiss. See (Doc. No. 18, pp. 3-5). In her First Amended Complaint, Plaintiff alleges that the settlement fees associated with her loan included, *inter alia*, a "loan origination fee." (First Amended

Complaint ("FAC"), ¶ 15). Plaintiff, however, did not assert any legal arguments in her response brief that specifically addressed the originating fee; rather, she argued that "US Bank and JLB split [her] fee for settlement services" in violation of "Section 8(b), 12 USC 2607(b) [sic]." (Id., p. 5). Plaintiff has also not presented any new evidence to support her new legal theory. The Court, therefore, will deny Plaintiff's request to amend the Order with respect to her RESPA claims against U.S. Bank. See Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993) ("A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.")

Plaintiff next claims that "[t]he facts and regulations demonstrate [that] US Bank was the lender for the purpose of the Plaintiff's correspondent loan and RESPA regulations." (Motion, p. 4). Plaintiff asserted this same argument in her opposition to Defendants' Motions to Dismiss which the Court previously considered and rejected. See , (Doc. No. 31, p. 8; Doc No. 46, pp. 10-12). Plaintiff also claims that the Court erred by dismissing all her claims against JLB, but she merely "incorporates by reference all of her pleadings related to the Motion to Dismiss [filed by] JLB[.]" (Id., p. 4). Plaintiff's attempt to restate arguments is inappropriate on a Rule 60(b) Motion. See Broadway v. Norris, 193 F.3d 987, 989-90 (8th Cir. 1999) ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim . . . . This is not the purpose of Rule 60(b). . . . It is not a vehicle for simple reargument on the merits.").

Based on the foregoing, this Court finds no basis under Fed.R.Civ.P. 60(b) to grant Plaintiff's Motion to Correct or Amend the Order.

### B. Rule 54(b) Certification

In the alternative, Plaintiff asks the Court to certify the Order as final judgment under Rule 54(b), which provides:

> When an action presents more than one claim for relief --whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties's rights and liabilities.

Fed.R.Civ.P. 54(b). The Eighth Circuit explains:

> When deciding whether to certify a ruling as a final judgment under Rule 54(b), a "district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"

Huggins v. FedEx Ground Package Sys. Inc., 566 F.3d 771, 774 (8th Cir. 2009) (citing Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)).

"[I]t is only the 'special case' that warrants an immediate appeal from a partial resolution of [a] lawsuit." Clark v. Baka, 593 F.3d 712, 715 (8th Cir. 2010) (citing Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993)). "Before certifying that 'there is no just reason for delay' under Rule 54(b), 'the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.'" Clos v. Corr. Corp. of Am., 597 F.3d 925, 928 (8th Cir. 2010) (citing McAdams v. McCord, 533 F.3d 924, 928 (8th Cir. 2008), and quoting Interstate Power, 992 F.2d at 807).

In this case, Plaintiff cites Huggins to support her proposition that Rule 54(b) certification is appropriate. (Motion, p. 5). In Huggins, the parties moved to have the district court certify its

summary judgment orders. 566 F.3d 771, 773. Although the Eighth Circuit determined that the summary judgment orders fell "within the definition of a final judgment," the appellate court held that "'[j]udicial economy [would] be best served by delaying the appeal [in the case] until all issues [could] be confronted by [the appellate] court [because] the adjudicated and pending claims [were] closely related and stem[med] from essentially the same factual allegations.'" Id. at 774-75.

Here, the parties do not dispute that the Order falls within the definition of a "final judgment." Rather, the issue is whether certification of the Order for immediate appeal is appropriate under Rule 54(b). Like the adjudicated and pending claims in Huggins, the dismissed and pending claims in this action are closely related. In her First Amended Complaint, Plaintiff asserted claims against U.S. Bank, JLB, and the Defendant Class under RESPA and the Truth in Lending Act ("TILA") in connection with the transactions associated with her loan. (FAC, ¶¶ 1-23). Specifically, Plaintiff alleged that JLB, U.S. Bank, and the Defendant Class violated the prohibition against kickbacks and unearned fees under RESPA (Count I); U.S. Bank violated RESPA by performing underwriting services and receiving payment for those services (Count II); U.S. Bank violated the disclosure provision of TILA by performing underwriting services for her loan, charging a fee for such services that was paid upfront and throughout the course of the loan, and because the HUD-1 Settlement Statement ("HUD Statement") did not list U.S. bank as either the lender or provider of the underwriting services (Count III); and that JLB violated the disclosure provision of TILA because someone other than JLB performed the underwriting services for the loan, Plaintiff paid a underwriting services fee upfront and throughout the course of the loan, and the HUD Statement failed to disclose JLB as the lender and provider of the underwriting services (Count IV). (FAC, ¶¶ 20, 22, 46-47, 69-70, 80).

In the July 23 Order, the Court dismissed Plaintiff's First Amended Complaint in its entirey, but the Court permitted Plaintiff to file a Second Amended Complaint to reassert her TILA claim against U.S. Bank. Then, on August 9, 2010, Plaintiff filed a Second Amended Complaint, wherein she alleges that U.S. Bank violated TILA in connection with the same loan transactions mentioned in her prior complaint. See (Doc. No. 50). As U.S. Bank correctly notes, Plaintiff's dismissed claims and pending TILA claim against U.S. Bank are closely related because they "stem from the same loan transaction involving" JLB and U.S. Bank. (Doc. No. 57, p. 6).

Moreover, Plaintiff makes the blanket statement in her Motion that "there is no just reason to delay appeal of Plaintiff's claims," but she offers no evidence to support her contention. (Doc. No. 56, p. 5). The Court also notes that the record contains no evidence of danger of hardship or injustice that Plaintiff would endure in absence of an immediate appeal. See Huggins, 566 F.3d at 775 ("'[c]ertification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'"). To avoid piecemeal appeals , and in the interest of judicial economy, the Court will deny Plaintiff's request to certify the Order as a final judgment under Rule 54(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Correct or Amend (Doc. No. 56) is **DENIED**.

Dated this 27th day of September, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE