UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BONNIE HARGIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV00027JCH |
| ) | |
| U.S. BANCORP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant U.S. Bank's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint ("Motion") (Doc. No. 60). This matter is fully briefed and ready for disposition.

## BACKGROUND

The Court provided the background of this case in its prior order. See Doc. No. 46. On August 9, 2010, Plaintiff filed her Second Amended Complaint ("Complaint" or "Compl."). (Doc. No. 50).[1]

## STANDARD FOR MOTION TO DISMISS

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005));

---

[1] All citations to the complaint are to Plaintiff's Second Amended Complaint, Doc. No. 50.

Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted) (The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." C.N. v. Willmar Pub. Sch., 591 F.3d 624, 630 (8th Cir. 2010)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

The parties agree that the transaction at issue was a closed-end credit transaction. (Defendant U.S. Bank's Memorandum in Support of Motion to Dismiss Plaintiff's Second Amended Class Action Complaint ("Memorandum"), Doc. No. 61, p. 5). 15 U.S.C. §1638 provides a list of the required disclosures by a creditor for such a transaction. See also 12 C.F.R. §226.18. TILA affords a private right of action against, "any creditor who fails to comply with any requirement imposed under this part…." 15 U.S.C. § 1640(a). Likewise, TILA provides that "any civil action for a violation of this title [15 U.S.C. §§ 1601, *et seq.*] or proceeding under section 108 [15 U.S.C. § 1607] which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought **is apparent on the face of the disclosure statement**[.]" 15 U.S.C. § 1641(a)(emphasis added); Walker v. Wallace Auto Sales, 155 F.3d 927, 934 (7th Cir. 1998) ("Section 131 of TILA, 15 U.S.C. § 1641, limits the liability of subsequent

assignees to those situations in which the violation of TILA is "apparent on the face of the disclosure statement."). "[A] violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this title [15 U.S.C. §§ 1601, *et seq*.]." 15 U.S.C. § 1641(a). Plaintiff purports to bring this cause of action under the first prong.

Plaintiff claims that it should have been disclosed that U.S. Bank was paid for underwriting services in violation of 12 C.F.R. 226.18(c)(1)(iii). (Compl., ¶ 25). Under that section, a creditor must disclose "[a]ny amounts paid to other persons by the creditor on the consumer's behalf. The creditor shall identify those persons. ..." Plaintiff further argues that U.S. Bank, as an assignee, is liable for failing to disclose the payment of the underwriting fee because such violation is apparent on the face of the disclosure statement. (Response to Defendant's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint ("Response"), Doc. No. 65, pp. 3-4 (citing 15 U.S.C. §§1641(a), 1641(e)(2)(A)). Plaintiff claims that the violation was apparent "because the loan document detailing the wire transfer contained an itemization of the amount financed that, if compared with other loan documents, would have shown the inaccuracy of the disclosure." (Response, p. 4). Paragraph 26(b) provides that "[t]he loan document detailing the wire transaction from US Bank to JLB Corporation, which contained an itemization of the amount financed, indicated no underwriting fee was advanced to JLB Corporation ("JLB"). This fee was retained by US Bank."[2]

---

[2]As noted by Defendant, the Court can consider the contents of the wire, even though it was not attached to the Complaint. See Kushner v. Beverly Enterprises, 317 F.3d 820, 831 (8th Cir. 2003) (quoting In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996)("'When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'"); Walls v. City of Bridgeton, No. 4:08CR927, 2009 U.S. Dist. LEXIS 74700, at *7, n. 2 (E.D. Mo. Aug. 24, 2009); EEOC v. Apria Healthcare Group, 222 F.R.D. 608,

Plaintiff claims that the wire document "described in paragraph 26(b) of Plaintiff's complaint gives rise to Defendant's liability." (Response, pp. 4-5; see also Compl., ¶ 26).

U.S. Bank asserts that TILA does not impose a requirement to disclose such a future assignment and, even if it did, such violation was not "apparent" on the face of the disclosure documents. The Court agrees. First, Plaintiff's loan closed on January 7, 2009. Plaintiff received her HUD-1 disclosures on that date. (Compl., ¶¶ 10-12). In her Complaint, Plaintiff states that the loan document detailing the wire transaction failed to disclose that U.S. Bank did not pay or reimburse JLB an underwriting fee when it purchased Plaintiff's loan at a later date. (Compl., ¶¶14, 26(b)). Plaintiff does not allege that an underwriting fee was paid on her behalf by JLB to U.S. Bank and the time of, or prior to the closing of her loan on January 7, 2009, when the disclosures were made to Plaintiff. (Reply Memorandum in Support of U.S. Bank's Motion to Dismiss ("Reply"), Doc. No. 69, p. 5). Rather, Plaintiff relies exclusively on the wire transfer dated January 21, 2010, a post-closing document. (Doc. No. 61-3). The Court holds that U.S. Bank, as a future assignee, had no obligation to disclose that JLB would pay U.S. Bank for underwriting services in the future. For this reason, the Court finds that Plaintiff's TILA claim must be dismissed

In addition, the purported TILA violation is not apparent from the face of the disclosures. Plaintiff argues that the TILA violation is "apparent" from the January 21, 2010 wire transfer. 15 U.S.C. § 1641(a)(1). The wire transfer states that no payment was made for the underwriting fee. (Doc. No. 61-3; see also Compl., ¶ 14 ("The itemization [on the wire transfer] indicated that the 'UNDERWRITING FEE' that was sent to JLB Corporation was '.00.'")). Thus, Plaintiff's theory requires the Court to review the January 21, 2010 wire transfer, which was not a part of the

---

610, n.1 (E.D. Mo. 2004) (noting that the Court could consider matters outside of the pleadings). The Court notes that Plaintiff also filed the wire transfer record to one of her pleadings. (Doc. No. 27-2).

disclosure statement. "Under [Plaintiff's] own argument, however, [the Court] would need to resort to evidence or documents extraneous to the disclosure statement. This the plain language of the statute forbids us to do." Ellis v. GMAC, 160 F.3d 703, 709 (11th Cir. 1998); see also 15 USCS § 1641(a) "any civil action [under TILA] which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement"). Or, as noted by the Seventh Circuit, "In effect, the rule for which the plaintiffs are arguing would impose a duty of inquiry on financial institutions that serve as assignees. Yet this is the very kind of duty that the statute precludes, by limiting the required inquiry to defects that can be ascertained from the face of the documents themselves." Taylor v. Quality Hyundai, 150 F.3d 689, 694 (7th Cir. 1998).

Here, Plaintiff does not allege how the TILA violation was apparent based upon the disclosure statements provided at closing. U.S. Bank, as an assignee, cannot be liable because the TILA violation was not apparent based upon these statements. See Taylor, 150 F.3d at 694 ("Only violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents will make the assignee liable under the TILA."); see also Grady v. World Tae Kwon Do Acad., No. 4:06CV58, 2006 U.S. Dist. LEXIS 25909, at *8, n. 4 (E.D. Mo. Apr. 24, 2006); Fielder v. Credit Acceptance Corp., 98 F. Supp. 2d 1104, 1106 (W.D. Mo. 2000)("The [TILA] violation must be apparent on the face of the document."). Rather, under Plaintiff's own allegations, the violation is apparent only upon review of the closing documents and the post-closing, January 21, 2010 wire transfer. The Court cannot find liability based upon Plaintiff's allegations. For this additional reason, the Court dismisses Plaintiff's TILA claim against U.S. Bank.

Accordingly,

**IT IS HEREBY ORDERED** that U.S. Bank's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint (Doc. No. 60) is **GRANTED**.

Dated this 29th day of November, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE